UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------x
                                                :
MAROC FRUIT BOARD S.A. and                      :
WAFU ASSURANCE S.A.,                            :
                                                :
                    Plaintiffs,                 :
                                                :
v.                                              :        CIVIL ACTION NO.
                                                :        IN ADMIRALTY
M/V VINSON, Her Engines,                        :
Machinery, Tackle, Apparel,                     :
Appurtenances, etc., in rem,                    :
                                                :
                    Defendant.                  :
------------------------------------------------x
```

## VERIFIED COMPLAINT

NOW COMES plaintiffs, Maroc Fruit Board S.A. and Wafu Assurance S.A., by their attorneys, and complaining *in rem* against defendant motor vessel VINSON, her engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other necessary appurtenances thereto, to enforce a maritime lien for cargo damage, allege as follows upon information and belief:

### Jurisdiction and Venue

1.      Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. §1333. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b). This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for the arrest of defendant vessel.

<u>The Parties</u>

2.      Plaintiff, Maroc Fruit Board S.A., doing business under the fictitious name M.F.B. (hereinafter referred to as "M.F.B.), is a foreign business entity organized and existing under the laws of Morocco, with its principal place of business located at Agroparc KM5, Route D'Azemmour dar Bouazza, Casablanca, Morocco.  At all times relevant hereto, M.F.B. was, and still is, the shipper of certain goods described in this Verified Complaint.

3.      Plaintiff, Wafu Assurance S.A. (hereinafter referred to as "Wafu") is a foreign business entity organized and existing under the laws of Morocco, with its principal place of business located at 1 Boulevard Abdelmoumen, Casablanca, Morocco.  At all times relevant hereto, Wafu Assurance was, and still is, the cargo insurer of M.F.B., and is now subrogated, in whole or in part, to the rights of its assured in connection with the subject shipments herein.

4.      Defendant motor vessel VINSON, her engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other necessary appurtenances thereto (hereinafter referred to as "Vessel"), is a Liberian-flagged ocean-going refrigerated cargo ship owned by Agder Ocean Reefer III AS of Norway (hereinafter referred to as Agder Ocean Reefer III") and on charter to Navimar S.A. of Morocco.  Said Vessel is now, or will be, during the pendency of this action within the District of Massachusetts.

<u>Factual Allegations</u>

5.      On or about January 25, 2010, at the port of Agidar, Morocco, plaintiff M.F.B., as shipper, delivered to Agdar Ocean Shipping AS, as agent for Agdar Ocean Reefer III, 282 pallets of fruit in good order and condition.

6.      Thereafter, Agdar Ocean Reefer III received, accepted and agreed to transport said cargo for certain consideration from Agidar, Morocco to the port of New Bedford, Massachusetts, there

to be delivered in like good order and condition as when shipped to order of said plaintiff's

consignee in accordance with the valid terms and conditions of a certain bill of lading then and

there signed and delivered to plaintiff M.F.B. by an authorized agent or representative of

defendant Vessel, a copy of which is attached hereto and marked as Exhibit A.

7.      On or about January 25, 2010, at the port of Agidar, Morocco, plaintiff M.F.B., as

shipper, delivered to Agdar Ocean Shipping AS, as agent for Agdar Ocean Reefer III, 331 pallets

of fruit in good order and condition.

8.      Thereafter, Agdar Ocean Reefer III received, accepted and agreed to transport said cargo

for certain consideration from Agidar, Morocco to the port of New Bedford, Massachusetts, there

to be delivered in like good order and condition as when shipped to order of said plaintiff's

consignee in accordance with the valid terms and conditions of a certain bill of lading then and

there signed and delivered to plaintiff M.F.B. by an authorized agent or representative of

defendant Vessel, a copy of which is attached hereto and marked as Exhibit B.

9.      On or about January 28, 2010, at the port of Casablanca, Morocco, plaintiff M.F.B., as

shipper, delivered to Agdar Ocean Shipping AS, as agent for Agdar Ocean Reefer III, 715 pallets

of fruit in good order and condition.

10.     Thereafter, Agdar Ocean Reefer III received, accepted and agreed to transport said cargo

for certain consideration from Casablanca, Morocco to the port of New Bedford, Massachusetts,

there to be delivered in like good order and condition as when shipped to order of said plaintiff's

consignee in accordance with the valid terms and conditions of a certain bill of lading then and

there signed and delivered to M.F.B. by an authorized agent or representative of defendant

Vessel, a copy of which is attached hereto and marked as Exhibit C.

11.    On or about January 28, 2010, at the port of Casablanca, Morocco, plaintiff M.F.B., as

shipper, delivered to Agdar Ocean Shipping AS, as agent for Agdar Ocean Reefer III,

approximately 671 pallets of fruit in good order and condition.

12.    Thereafter, Agdar Ocean Reefer III received, accepted and agreed to transport said cargo

for certain consideration from Casablanca, Morocco to the port of New Bedford, Massachusetts,

there to be delivered in like good order and condition as when shipped to order of said plaintiff's

consignee in accordance with the valid terms and conditions of a certain bill of lading then and

there signed and delivered to M.F.B. by an authorized agent or representative of defendant

Vessel, a copy of which is attached hereto and marked as Exhibit D.

13.    On February 17, 2010, defendant Vessel arrived in the port of New Bedford,

Massachusetts, and thereafter delivered plaintiffs' cargo in a condition damaged by contact to

mold and other substances unknown to plaintiffs.

14.    Plaintiffs are entitled to maintain this action as the shippers, consignees, owners and/or

insurers of the subject cargo, and otherwise have a proprietary interest in the cargoes described

above, and bring this action on their own behalf and for the interests of all parties who may be or

become interested in the said shipments, as their respective interests may ultimately appear.

15.    Plaintiffs have duly performed all the conditions precedent on their parts to be performed

under the terms of the aforesaid bills of lading.

First Cause of Action<br>(Contract)

16.    Plaintiffs repeat and reiterate the allegations contained in Paragraphs 1 through 15 of this

Verified Complaint with the same force and effect as if set forth fully herein.

17.    Said transit damage resulted from the breach by defendant Vessel of its agreements and

warranties, both express and implied, to secure, load, stow, carry and/or otherwise care for the

said cargo, and discharge and deliver same to plaintiffs' consignee in like good order and condition as when received by it for shipment.

18.    By reason of the aforesaid premises, defendant Vessel breached its duties to plaintiffs as common carriers by water for hire and was otherwise at fault.

19.    As a direct and proximate result of the foregoing, plaintiffs have sustained damages in the amount of USD $2,000,000.00, as nearly as the same can now be estimated, no part of which has been paid although duly demanded.

Second Cause of Action
(Tort)

20.    Plaintiffs repeat and reiterate the allegations contained in Paragraphs 1 through 15 of this Verified Complaint with the same force and effect as if set forth fully herein.

21.    Said transit damage resulted solely from the negligence of defendant Vessel to secure, load, stow, carry and/or otherwise care for the said cargo, and discharge and deliver same to plaintiff's consignee in like good order and condition as when received by them for shipment, with no fault or negligence of plaintiffs contributing thereto.

22.    By reason of the aforesaid premises, defendant Vessel breached its duties of care to plaintiffs as a common carrier by water for hire and was otherwise at fault.

23.    As a direct and proximate result of the foregoing, plaintiffs have sustained damages in the amount of USD $2,000,000.00, as nearly as the same can now be estimated, no part of which has been paid although duly demanded.

WHEREFORE, plaintiffs pray that this Honorable Court adjudge as follows:

(i)    That *in rem* process issue in due form of law, according the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, against the whole of the Vessel, her engines, tackle, apparel, appurtenances, etc., pursuant

to Rule C of the Supplemental Rules for Certain Admiralty and Maritime

Claims of the Federal Rules of Civil Procedure;

(ii)    That all persons having or claiming to have any interest in the Vessel be cited

to appear and answer under oath, all and singular the matter aforesaid;

(iii)    That plaintiff's claim be adjudged a valid and enforceable maritime lien

against the whole of the Vessel, her engines, tackle, apparel, appurtenances,

etc., and an *in rem* judgment enter in its favor against the Vessel for the full

amount of its liquidated and unliquidated damages, together with interest,

costs and expenses, including reasonable attorneys' fees and costs of suit, and

other damages which may be shown at trial;

(iv)    That the Vessel be condemned and sold to satisfy plaintiff's judgment; and

(v)    That plaintiff has such other and further relief as this Honorable Court and

justice may deem just and appropriate under the circumstances.

Dated: February 22, 2010                    Respectfully submitted,

MAROC FRIUT BOARD S.A. and
WAFU ASSURANCE S.A.
By their attorneys,
PARTRIDGE SNOW & HAHN LLP

/s/ Norman A. Peloquin, II
Norman A. Peloquin, II,
(BBO No. 550872)
Samuel P. Blatchley
(BBO No. 670232)
180 South Main Street
Providence, Rhode Island 02903
Tel. (401) 861-8200
Fax (401) 861-8210

<u>Verification</u>

Norman A. Peloquin, II, hereby states under the penalty of perjury pursuant to 28 U.S.C. §1746 that:

1.      I am a partner in the law firm of Partridge Snow & Hahn LLP, attorneys for plaintiffs in the above entitled action.

2.      I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to my knowledge, except as to those matters stated to be alleged on information and belief, and as to those matters I believe them to be true.

3.      This verification is made by me instead of plaintiffs because they are not located within the Commonwealth of Massachusetts.

4.      The source of my information is the following:  (a) correspondence from plaintiffs' counsel in Greece, Messrs. Lallis Voutsinos Anagnostopoulos; (b) records and documents of plaintiffs in my possession; and (c) telephone conversation between plaintiffs' surveyor, Reza Sayadi of Continental Marine Surveyors,, Ltd. and Samuel P. Blatchley of my office on February 22, 2010 with respect to the estimated amount of damages.

I hereby certify under the penalty of perjury that the foregoing is true and correct on this 22nd day of February, 2010.

/s/ Norman A. Peloquin, II
Norman A. Peloquin, II

**Exhibit A**

D13245

CODE NAME: "CONGENBILL", EDITION 1994

**BILL OF LADING**
TO BE USED WITH CHARTER-PARTIES
Reference No. AOSWVINSONV30001

Shipper
**MAROC FRUIT BOARD
AGROPARC KM5
ROUTE D'AZEMMOUR
DAR BOUAZZA
20220 CASABLANCA/MOROCCO
PHONE : (212.522) 65.47.22
FAX    : (212.522) 91.51.48
Email  : Mekouar@mfb.ma**

Consignee to order of:
**FRESH TASTE
343-345 ONTARIO FOOD TERMINAL
TORONTO (ONTARIO) M8Y 1H8/Canada
PHONE : 00 1416 255 23 61
FAX    : 00 1416 255 8742
Email  : tchan@freshtaste.ca
Contact : MR. GUS. SARRAINO**

SCAC CODE : AOSW
CARRIER    : Agder Ocean Shipping AS as agents to
             Agder Ocean Reefer III AS.

COPY NOT NEGOCIABLE

Notify address
**FRESH TASTE
343-345 ONTARIO FOOD TERMINAL
TORONTO (ONTARIO) M8Y 1H8/Canada
PHONE : 00 1416 255 23 61
FAX    : 00 1416 255 8742
Email  : tchan@freshtaste.ca
Contact : MR. GUS. SARRAINO**

Vessel                   Port of loading
**VINSON            AGADIR/MOROCCO**

Port of discharge
**NEW BEDFORD**

Gross weight        Net weight

Shipper's description of goods

MOROCCO NADORCOTT AFOURER     282 PALLETS   SAID TO CONTAIN  99 160 BOXES (2,3 KGS)  256 924 KG      228 068 KG

TEMPLATES    36406133
             36406136
             36406135

"CLEAN ON BOARD"

on deck at Shipper's risk; the Carrier not
(of which being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER-PARTY dated...Lysaker 19th, January 2010.........................

FREIGHT ADVANCE.
Received on account of freight:

..........................................................................................................

Time used for loading .......................... days ........................... hours...

S H I P P E D at the Port of Loading in apparent good order and
condition on board the Vessel for carriage to the Port
of Discharge or to near thereto as she may safely get the goods
specified above.
Weight, measure, quality, quantity, condition, contents and value
unknown.
In witness whereof ... Master or Agent of the Vessel has signed
the number of Bills of Lading indicated below all of this tenor and date,
any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

Freight payable at

Number of original B/L
     (THREE) 3

Place and date of issue
Agadir 25th, January 2010

Signature
On behalf of Master

Printed and sold by
Fr. G. KNUDISONS BOGTRYKKERI A/S,55 Toldbodgade, DK-1253 Copenhagen K,
Telefax + 45 33 33 11 84
By authority of The Baltic and International Maritime Council
(BIMCO), Copenhagen

**Exhibit B**

D/3246

CODE NAME: "CONGENBILL", EDITION 1994

**BILL OF LADING**
TO BE USED WITH CHARTER-PARTIES

B/L No.

Shipper
MAROC FRUIT BOARD
AGROPARC KM5
ROUTE D'AZEMMOUR
DAR BOUAZZA
20220 CASABLANCA/MOROCCO
PHONE : (212.522) 65.47.22
FAX    : (212.522) 91.51.46
Email  : Mekouar@mfb.ma

Consignee (or order of)
BARIMEX INTERNATIONAL INC
1455, RUE BERCY MONTREAL
QUEBEC H2K 2V1 / CANADA
PHONE : 00 1514 525 6001
FAX    : 00 1514 525 5502
Email  : France.malouf@bar-intl.com
Contact : MR. A. BIRRI

SCAC CODE : AOSW
CARRIER   : Agder Ocean Shipping AO as agents to
            Agder Ocean Reefer III AS.

Notify address
BARIMEX INTERNATIONAL INC
1455, RUE BERCY MONTREAL
QUEBEC H2K 2V1 / CANADA
PHONE : 00 1514 525 6001
FAX    : 00 1514 525 5502
Email  : France.malouf@bar-intl.com
Contact : MR. A. BIRRI

COPY NOT NEGOCIABLE

Vessel
VINSON

Port of loading
AGADIR/MOROCCO

Port of discharge
NEW BEDFORD

| Shipper's description of goods | | Gross weight | Net weight |
|---|---|---|---|
| MOROCCO NADORCOTT AFOURER | 132 PALLETS SAID TO CONTAIN 10 000 BOXES (19 KGS) | 118 188 192 | 170 000 KG |
| MOROCCO NADORCOTT AFOURER | 66 PALLETS SAID TO CONTAIN 23 760 BOXES (2,3 KGS) | 61 538 KG | 54 648 KG |
| MOROCCO NADORCOTT AFOURER | 133 PALLETS SAID TO CONTAIN 71 820 BOXES (1,36 KGS) | 114 193 KG | 97 675 KG |

"CLEAN ON BOARD"

CHARTER-PARTY dated...Lysaker 19th January 2010...........

FREIGHT ADVANCE

Time used for loading ....             days .................hours.

**SHIPPED** at the Port of Loading in apparent good order and
condition on board the Vessel for carriage to the Port
of Discharge or so near thereto as she may safely get, the goods
specified above.
Weight, measure, quality, quantity, condition, contents and value
unknown.
IN WITNESS whereof the Master or Agent of the said Vessel has signed
the number of Bills of Lading indicated below all of this tenor and date,
any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Freight payable at | Place and date of issue |
|---|---|
| | Agadir 25th January 2010 |
| Number of original Bsl. | Signature |
| THREE 3 | On behalf of Master |

Printed and sold by
P.G. KNUDSENS BOGTRYKKERI A/S, 55 Toldbodgade, DK 1253 Copenhagen K
Telefax +45 33 93 11 84
By authority of The Baltic and International Maritime Council
(BIMCO), Copenhagen

**Exhibit C**

CODE NAME: "CONGENBILL", EDITION 1994

**BILL OF LADING**
TO BE USED WITH CHARTER-PARTIES

B/L No.

Reference No. AOSWVINSONV30003

Shipper
**MAROC FRUIT BOARD**
**AGROPARC KM5**
**ROUTE D'AZEMMOUR**
**DAR BOUAZZA**
**20220 CASABLANCA/MOROCCO**
PHONE : (212.522) 65.6
FAX    : (212.522) 91.5
Email  : Mekouar@mf

Consignee to order of:
**FRESH TASTE**
**343-345 ONTARIO FOOD TERMINAL**
**TORONTO (ONTARIO) Y 1H8/Canada**
PHONE : 00 1416 255
FAX    : 00 1416 255
Email  : tchan@fresh      c.ca
Contact: MR. GUS, SANTAINO

SCAC CODE : AOSW
CARRIER  : Agder Ocean Shipping AS as agents to
           Agder Ocean Reefer III AS.

Notify address
**FRESH TASTE**
**343-345 ONTARIO FOOD TERMINAL**
**TORONTO (ONTARIO) Y 1H8/Canada**
PHONE : 00 1416 255
FAX    : 00 1416 255
Email  : tchan@fresh      c.ca
Contact : MR. GUS, SANTAINO

**ORIGINAL**

Vessel
**VINSON**

Port of loading
**CASABLANCA/MOROCCO**

Port of discharge
**NEW BEDFORD**

Gross weight    Net weight

Shipper's description of goods

| | | | Gross weight | Net weight |
|---|---|---|---|---|
| MOROCCO MANDARINE DORCOTT AFOURER | 666 PALLETS | SAID TO CONTAIN 237 820 BOXES (2,3 KGS) | 614 153 KG | 546 985 KG |
| MOROCCO MANDARINE DORCOTT AFOURER | 47 PALLETS | SAID TO CONTAIN 3 290 BOXES (15 KGS) | 52 409 KG | 49 350 KG |

"CLEAN ON BOARD"

of which          on deck at Shipper's risk; the Carrier not
being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER-PARTY dated...Ly      er 19th, January 2010......................................

FREIGHT ADVANCE.
Received on account of freight:

..........................................................................

Time used for loading ...................    ..............days ...............................hours...

**S H I P P E D** at the Port of loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.
Weight, measure, quality, quantity, condition, contents and value unknown.
IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

Freight payable at

Place and date of issue
Casablanca 28th. January 2010

Number of original B/L.
(THREE) 3

Signature
On behalf of Master

Printed and sold by
Fr.G. KNUDSONS BOGTRYKKERI A    G Toldbodgade, DK-1253 Copenhagen K,
Telefax +45 33 93 11 84
By authority of The Baltic and International Maritime Council
(BIMCO), Copenhagen

**Exhibit D**

CODE NAME: "CONGENBILL". EDITION 1994

**BILL OF LADING**
TO BE USED WITH CHARTER-PARTIES

B/L No.

Reference No. AOSWVINSONV30004

Shipper
**MAROC FRUIT BOARD**
**AGROPARC KM5**
**ROUTE D'AZEMMOUR**
**DAR BOUAZZA**
**20220 CASABLANCA/MOROCCO**
PHONE : (212.522) 66.43.22
FAX   : (212.522) 91.96.48
Email  : Mekouar@m....na

Consignee to order of :
**BARIMEX INTERNATIONAL INC**
**1088** .....
**QUEBEC H3K 2V1 / CANADA**
PHONE : 00 1514 525 ....
FAX   : 00 1514 525 ....
Email  : France.malou....bar-intl.com
Contact : MR. A. BIRRI

CARRIER   : Agder Ocean Snipping AS as agents to
Agder Ocean Reefer III AS.

Notify address
**BARIMEX INTERNATIONAL INC**
**1455. RUE BERCY MONTREAL**
**QUEBEC H2K 2V1 / CANADA**
PHONE : 00 1514 525 ....
FAX   : 00 1514 525 ....
Email  : France.malou....bar-intl.com
Contact : MR. A. BIRRI

ORIGINAL

Vessel
**VINSON**

Port of loading
**CASABLANCA/MOROCCO**

Port of discharge
**NEW BEDFORD**

| Shipper's description of goods | | Gross weight | Net weight |
|---|---|---|---|
| MOROCCO MANDARINE DORCOTT AFOURER 137 PALLETS | SAID TO CONTAIN 49 320 BOXES (2,3 KGS) | 126 648 KG | 113 436 KG |
| MOROCCO MANDARINE DORCOTT AF....URER ... PALLETS | SAID TO CONTAIN ... BOXES (... KGS) | 775 004 KG | 159 200 KG |
| MOROCCO MANDARINE DORCOTT AFOURER 287 PALLETS | SAID TO CONTAIN 144 180 BOXES (1,36 KGS) | 227 804 KG | 196 064 KG |

"CLEAN ON BOARD"

(of which                       on deck at Shipper's risk; the Carrier not
being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER-PARTY dated...Lyngker 19th, January 2010........................

FREIGHT ADVANCE.
Received on account of freight:

Time used for loading ...........................days ......................hours.

**SHIPPED** at the Port of Loading in apparent good order and
condition on board the Vessel for carriage to the Port
of Discharge or so near thereto as she may safely get the goods
specified above.
Weight, measure, quality, quantity, condition, contents and value
unknown.
IN WITNESS whereof the Master or Agent of the said Vessel has signed
the number of Bills of Lading indicated below all of this tenor and date,
any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Freight payable at | Place and date of issue |
|---|---|
|  | Casablanca 28th, January 2010 |
| Number of original Bs/L. | Signature |
| (THREE) 3 | On behalf of Master |

Printed and sold by
F.&.O. KNUDBONG DOOTRYKKER AKLES Tuldbadgade, DK-1253 Copenhagen K,
Telefax +45 93 93 11 84
By authority of The Baltic and International Maritime Council
(BIMCO), Copenhagen