UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAROC FRUIT BOARD S.A. ET AL., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:10-10306-JLT |
| | * | |
| M/V VINSON, HER ENGINES, | * | |
| MACHINERY, TACKLE, APPAREL, | * | |
| APPURTENANCES, ETC, IN REM | * | |
| ET AL., | * | |
| | * | |
| Defendants. | * | |

ORDER

July 9, 2012

TAURO, J.

After reviewing Plaintiffs' Motion to Compel [#51], Motion to Compel Answers to Interrogatories and Second Request for Production of Documents [#55], Motion for Sanctions Directed to Defendants, Agder Ocean Reefers III AS and M/V VINSON [#66], and the supporting memoranda and other filings, and noting that there has been no opposition, this court hereby finds as follows:

1. In an April 5, 2011 Scheduling Order [#34], this court allowed the parties to proceed with the service of discovery pursuant to Fed. R. Civ. P. 34 without court order.

2. On June 9, 2011, plaintiffs served Defendant Agder with their first request for production pursuant to Fed. R. Civ. P. 34.

3. In a November 10, 2011 Order [#44], this court allowed the parties to proceed

1

with the service of discovery pursuant to Fed. R. Civ. P. 33 and 36 without court order and set a firm discovery deadline of June 29, 2012.

4. In a Local Rule 37.1 discovery conference held on January 13 and 19, 2012, in connection with Defendant Agder's responses to Plaintiffs' initial discovery demands and Defendant Agder's disclosures, Defendant Agder committed to supplement its original production of documents.

5. Although over five and a half months passed since that Local Rule 37.1 conference, Defendant Agder has not produced a single additional document.

6. On February 21, 2012, Plaintiffs filed a Motion to Compel [#51], in which they sought to compel Defendant Agder to supplement its original production of documents and satisfy other various discovery obligations.

7. Defendant Agder has not opposed Plaintiffs' February 21, 2012 Motion to Compel [#51].

8. On February 16, 2012, Plaintiffs served Defendant Agder with interrogatories, second requests for production, requests for admission, and two notices of deposition.

9. Defendant Agder failed to answer or object to Plaintiffs' February 16, 2012 interrogatories, second requests for production, or requests for admission, or serve any written response to them at all.

10. On April 5, 2012, Plaintiffs filed a second Motion to Compel [#55], seeking to compel Defendant Agder to respond to the February 16, 2012 discovery requests.

11. Defendant Agder has not opposed Plaintiffs' April 5, 2012, Motion to

Compel [#55].

12. On May 16, 2012, Plaintiffs wrote to Defendant Agder's counsel requesting a Local Rule 37.1 conference in connection with a motion under Fed. R. Civ. P. 37(d), but Defendant Agder did not respond.

13. On June 12, 2012, Plaintiffs filed the instant Motion for Sanctions [#66] pursuant to Fed. R. Civ. P. 37(d). Defendant Agder did not respond.

Accordingly, the court orders as follows:

1. Given Defendant Agder's failure to honor the commitments it made during the January 2012 Local Rule 37.1 discovery conferences and Defendant Agder's failure to oppose Plaintiffs' two Motions to Compel Discovery Responses [#51, 55], the Motions to Compel Discovery Responses, [#51, 55], are ALLOWED AS UNOPPOSED to the extent that the discovery sought bears on the issue of damages, and Plaintiffs are directed to submit an application for their reasonable expenses in connection with the Motions to Compel, including their reasonable attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5).

2. Defendant Agder's complete failure to answer, object to or respond in writing at all to Plaintiffs' interrogatories and requests for production served on February 16, 2012, is in violation of Fed. R. Civ. P. 37(d)(1)(A)(ii) and is sanctionable under Fed. R. Civ. P. (d)(3), which allows the court to impose the sanctions set forth in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

3. In light of the above discovery failures:

    a. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i), the factual allegations in

3

Plaintiffs' <u>Verified Complaint</u> [#1] are deemed admitted;

b. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii), all the defenses of Defendant Agder are stricken and a liability default finding is made; and,

c. Pursuant to Fed. R. Civ. P. 37(d)(3), Plaintiffs are entitled to an award of attorneys' fees caused by Defendant Agder's failure to act in responding to discovery. Plaintiffs shall submit an application for claimed fees in connection with this failure.

IT IS SO ORDERED.

_____
United States District Judge

4