UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAROC FRUIT BOARD S.A. ET AL., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:10-10306-JLT |
| | * | |
| M/V VINSON, HER ENGINES, | * | |
| MACHINERY, TACKLE, APPAREL, | * | |
| APPURTENANCES, ETC, IN REM | * | |
| ET AL., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

October 10, 2012

TAURO, J.

I.   Introduction

On October 3, 2012, this court held a hearing on Defendant Agder Ocean Reefer III's ("Agder") Motion to Alter or Vacate the July 9, 2012 Order Pursuant to Rule 60(b) [#90]. For the reasons set forth below, Defendant's Motion is DENIED.

II.   Background

The underlying facts of this case concern a shipment of citrus fruit from Morocco to New Bedford, Massachusetts, which Plaintiffs allege arrived in a moldy condition.[1] Plaintiffs, the

---

[1] Am. Verified Compl. ¶¶ 11-14 [#21].

1

shipper and insurer of the citrus fruit, brought claims against M/V Vinson, the vessel; Agder, the owner of the vessel; and Navimar, the charterer of the vessel.

On June 9, 2012, this court sanctioned Agder for discovery misconduct. This court ordered, among other things, that: (1) the factual allegations in Plaintiffs' Verified Complaint were deemed admitted; and (2) Agder's defenses were stricken and a liability default finding made. In the June 9 Order, this court found that Agder had failed to: (1) produce documents that it committed to produce on January 13 and 19, 2012; (2) respond to Plaintiffs' February 21, 2012 interrogatories, second request for production, and request for admission; and (3) oppose or otherwise respond to two motions to compel and a motion for sanctions. Agder now seeks relief from the July 9 Order pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6).

    III.    Discussion

           A.    Rule 60(b)(1) Excusable Neglect

Agder claims that its failure to participate in discovery between January and July of 2012 was the result of excusable neglect under Rule 60(b)(1). Agder points to the alleged anxiety disorder of its attorney, Brian Kydd, as the source of this failure.

Under Rule 60(b)(1), a court may relieve a party of an order on the ground of excusable neglect.[2] In determining excusable neglect, courts consider the danger of prejudice, length of the delay, reason for the delay, and movant's good faith.[3] "At bare minimum, a party who seeks relief

---

[2] Fed. R. Civ. P. 60(b)(1).

[3] Deo-Agbasi v. Parthenon Grp., 229 F.R.D. 348, 351 (D. Mass. 2005) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable."[4]  Counsel's personal tragedy or medical condition does not automatically constitute an excuse for neglect. [5]  Rather, counsel also has a duty to communicate these issues to the court in a timely fashion.[6]

Here, Agder offers no credible excuse for Attorney Kydd's failure to communicate his impairment to the court for five months.  It was not until June 13, 2012, two weeks before the discovery deadline, that Attorney Kydd asked the court to extend the discovery deadline and referenced "personal issues."[7]  Agder argues that Attorney Kydd's anxiety prevented him from communicating his impairment to the court.  Yet, Attorney Kydd appeared in court and served discovery requests on Plaintiffs during this time.  This is strong evidence that Attorney Kydd possessed the mental capacity to inform the court of his condition.  Under these facts, Attorney Kydd's failure to communicate with the court was inexcusable.

---

[4] Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002) (citing cases); see also Dimmit v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005).

[5] Cintron-Lorenzo, 312 F.3d at 527; Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 65 (1st Cir. 2001) ("[A] lawyer's duty of diligence transcends both upheaval at work and personal tragedy."); Miranda v. Am. Airlines, 176 F.R.D. 438, 440-41 (D.P.R. 1998).

[6] Cintron-Lorenzo, 312 F.3d at 525, 527-28; Davila-Alvarez, 257 F.3d at 64-65.

[7] Sched. Conf. Tr. 9:15-19, June 13, 2012 [#75].

Agder further argues that it should not be held responsible for its counsel's neglect. The Supreme Court rejected this argument in Link,[8] and the First Circuit has regularly held that clients are accountable for the acts and omissions of their counsel.[9]

Agder's conduct has also been prejudicial to Plaintiffs and judicial administration. On November 10, 2011, this court set a firm discovery deadline of June 29, 2012. Agder's discovery misconduct prolonged discovery and forced Plaintiffs to file two motions to compel and a motion for sanctions. This case is now two and a half years old and the parties have not completed discovery. Accordingly, relief is not appropriate under Rule 60(b)(1).

B.    Rule 60(b)(6) Extraordinary Circumstances

Agder further claims that it is entitled to relief under Rule 60(b)(6) because Attorney Kydd's mental disorder is an "extraordinary circumstance" justifying relief, or, alternatively, Attorney Kydd's failures constitute "gross and inexcusable neglect." In support of its motion, Agder offers: (1) Attorney Kydd's Declaration stating that he was unable to effectively represent Agder during discovery due to anxiety, and (2) an unsworn letter from a licensed clinical social

---

[8] See Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" (quoting Smith v. Ayer, 101 U.S. 320, 326 (1879))).

[9] See e.g., Davila-Alvarez, 257 F.3d at 66; KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 16 (1st Cir. 2003) ("[I]n this circuit we have consistently 'turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client.'" (quoting Farm Constr. Servs., Inc. v. Fudge, 831 F.2d 18, 21 (1st Cir. 1987))).

4

worker stating that she counseled Attorney Kydd from November 2004 until September 2011.[10]

Under Rule 60(b)(6), a court may relieve a party of an order for "any other reason that justifies relief."[11] "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay."[12] Agder has not met this burden.

Agder has provided insufficient evidence that Attorney Kydd's mental condition was so severe as to constitute an extraordinary circumstance. Agder has not provided any documentation from a medical doctor to support Attorney Kydd's diagnosis. Nor has Agder provided medical evidence that Attorney Kydd suffered from a mental disorder between January and July of 2012, or that such disorder caused his discovery failures. During the period of Attorney Kydd's alleged incapacitation, he served discovery requests on Plaintiffs, including interrogatories, requests for production, and notices of depositions.[13] This evidence, taken as whole, does not support a finding that Attorney Kydd's mental condition was an extraordinary circumstance.

Agder has also not shown that it was faultless in the delay. Agder argues that it did not know of Attorney Kydd's impairment or discovery failures because Attorney Kydd became unresponsive to email and phone inquiries in March 2012. Yet, Agder offers no explanation for why it failed to take minimal steps to inquire with the court or online as to the status of the case

---

[10] Brian Kydd Decl. ¶¶ 10, 13, August 10, 2012 [#91].

[11] Fed. R. Civ. P. 60(b)(6).

[12] Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993); Davila-Alvarez, 257 F.3d at 67.

[13] Brad Gandrup Decl. Ex. F [#100-6].

when Attorney Kydd was unresponsive for months on end.  Agder has failed to demonstrate that it diligently pursued its case.[14]

    IV.    Conclusion

For the above-stated reasons, Agder is not entitled to relief under Rules 60(b)(1) or 60(b)(6).  Defendant Agder's Motion to Alter or Vacate the July 9, 2012 Order Pursuant to Rule 60(b) [#90] is DENIED.

AN ORDER HAS ISSUED.

       /s/ Joseph L. Tauro
    United States District Judge

---

[14] See Cotto v. United States, 993 F.2d 274, 278 (1st Cir. 1993) ("In our adversary system of justice, each litigant remains under an abiding duty to take the legal steps that are necessary to protect his or her own interests."); Jones v. Estelle, 693 F.2d 547, 549 (5th Cir. 1982).